```
         D133LIUC

 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,

 4            v.                              12 CR 934 (RA)

 5   FENG LING LIU, et al.,

 6                  Defendants.

 7   ------------------------------x

 8                                             New York, N.Y.
                                               January 3, 2013
 9                                             4:00 p.m.

10
     Before:
11
                       HON. RONNIE ABRAMS,
12
                                             District Judge
13

14                          APPEARANCES

15   PREET BHARARA
          United States Attorney for the
16        Southern District of New York
     HARRIS FISCHMAN
17   ROBERT BOONE

18        Assistant United States Attorneys

19
     SEAN MAHER
20        Attorney for Defendant Vanessa Bandrich

21   ZUCHERMAN SPAEDER
          Attorneys for Defendant Feng Ling Liu
22   JAMES SOTTILE

23   LAW OFFICES OF RAYMOND H. WONG
          Attorneys for Defendant Feng Li
24   JAMES SCHMITZ
          -and-
25   WILLKIE FARR & GALLAGHER
          Attorneys for Defendant Feng Li
```

```
     D133LIUC

 1   MICHAEL S. SCHACHTER

 2   Appearances (Continued)

 3   STUART D. RUBIN
          Attorney for Defendant Shuran Liu
 4

 5   CHARLES S. HOCHBAUM
          Attorney for Defendant Yuchang Miao
 6

 7   STANISLAO A. GERMAN
          Attorney for Defendant Sunny Yang
 8

 9   DONALD DUBOULAY
          Attorney for Defendant Guo Qin Miao
10

11   PEI PEI CHENG
          Attorney for Defendant Wen Tong Zheng
12

13   JOSHUA DRATEL
          Attorney for Defendant Shu Feng Xia
14

15   ALSO PRESENT:   Mandarin Interpreters Laura Chen and Brenda Chen

16

17

18

19

20

21

22

23

24

25
```

```
     D133LIUC

 1   MICHAEL S. SCHACHTER

 2   Appearances (Continued)

 3   STUART D. RUBIN
          Attorney for Defendant Shuran Liu
 4

 5   CHARLES S. HOCHBAUM
          Attorney for Defendant Yuchang Miao
 6

 7   STANISLAO A. GERMAN
          Attorney for Defendant Sunny Yang
 8

 9   DONALD DUBOULAY
          Attorney for Defendant Guo Qin Miao
10

11   PEI PEI CHENG
          Attorney for Defendant Wen Tong Zheng
12

13   JOSHUA DRATEL
          Attorney for Defendant Shu Feng Xia
14

15   ALSO PRESENT:   Mandarin Interpreters Laura Chen and Brenda Chen

16

17

18

19

20

21

22

23

24

25
```

D133LIUC

1           (In open court)
2           THE DEPUTY CLERK:  In the matter of The United States
3   of America v. Feng Ling Liu, et al. docket number 12 CR 934.
4   Counsel, please state your name.
5           MR. FISCHMAN:  Harris Fischman and Robert Boone joined
6   by Chris DeGraff of the FBI.
7           THE COURT:  Good afternoon.
8           MR. DRATEL:  Joshua Dratel.  In the indictment it's
9   Kevin LNU, he's last on the indictment.  His true name is
10  S-H-U, new word F-E-N-G, last name X-I-A.  And I understand,
11  I've talked to the government, they are going to supersede and
12  get the right name on the indictment.
13          THE COURT:  Thank you, good afternoon.
14          MR. SOTTILE:  James Sottile of Zucherman Spaeder.  My
15  partner Paul Schectman and I are appearing for Feng Ling Liu.
16          THE COURT:  Good afternoon.
17          MR. DUBOULAY:  Donald Duboulay appearing for Paul
18  McCallister who is ill, he's hospitalized.  I'm standing in for
19  him today.  His client's name is Guo Qin Miao.  I've consulted
20  with her and it's okay with her.
21          MR. MAHER:  Sean Maher for Vanessa Bandrich who is
22  here in the first row.
23          MR. GERMAN:  Stan German on behalf of Sunny Yang,
24  seated in the first row.
25          MR. RUBIN:  Stuart Rubin on behalf of Shuran Liu.

D133LIUC

1   Mr. Liu is fourth from the Court's left.
2              MR. HOCHBAUM:  Charles Hochbaum for Yuchang Miao.
3              MS. CHENG:  Good afternoon, your Honor.  Pei Pei
4   Cheng.  I represent Wen Tong Zheng.  I'm actually standing here
5   on behalf of David Touger who is at a sentencing before Judge
6   Seibel in White Plains.
7              MR. SCHMITZ:  On behalf of Mr. Feng Li, third in the
8   indictment, he is also third from your Honor's left in the
9   first row, I'm James Schmitz from the law firm of Wong, Wong &
10  Associates.
11             THE COURT:  Good afternoon.
12             MR. DRATEL:  Just I neglected to say Mr. Xia is here
13  in the first row to your right.
14             THE COURT:  Can I confirm that all of the defendants
15  are here?
16             MR. HOCHBAUM:  Yes, your Honor.
17             THE COURT:  Thank you, and good afternoon to all the
18  defendants as well.
19             Swear in the Mandarin interpreter, please.
20             (Interpreters sworn)
21             THE COURT:  Ms. Chen, is that correct?  The
22  interpreter's name is Ms. Chen.
23             INTERPRETER L. CHEN:  I'm Laura Chen.
24             INTERPRETER B. CHEN:  And Brenda Chen.
25             THE COURT:  Good afternoon.  I just like to ask a few

D133LIUC

1  questions about your qualifications.  When did you learn
2  Mandarin?
3            INTERPRETER L. CHEN:  I learned Mandarin as a child.
4  I was born in China.
5            THE COURT:  Are you interpreting as well?
6            INTERPRETER B. CHEN:  Yes, your Honor.
7            THE COURT:  When did you learn Mandarin?
8            INTERPRETER B. CHEN:  When I was born.
9            THE COURT:  When did you both learn English?
10           INTERPRETER L. CHEN:  I started studying English when
11 I was in China when I was 11, and I moved to the U.S. when I
12 was 13 years old.
13           THE COURT:  You've been speaking English since then?
14           INTERPRETER L. CHEN:  Yes.
15           INTERPRETER B. CHEN:  I learned English when I was in
16 elementary school in China, when I came here in junior high
17 school and high school and through college I learned English.
18           THE COURT:  How long have you both been providing
19 Mandarin and English translations in criminal matters in
20 federal court?
21           INTERPRETER L. CHEN:  I have been providing Mandarin
22 translation since 2001 in federal court here in the Southern
23 District.
24           THE COURT:  Thank you.
25           INTERPRETER B. CHEN:  I started since 2004.

D133LIUC

1    THE COURT:  Okay.  Thank you to both Ms. Chens and you
2  may be seated and proceed.
3    I'd like to confirm that all of the defendants have
4  been arraigned.  Is that correct?
5    MR. FISCHMAN:  That's correct, your Honor.
6    THE COURT:  I want to talk about some counsel issues
7  and then we can get to scheduling and discovery.
8    I received a letter from Mr. Schmitz of Wong, Wong &
9  Associates, and I understand you are seeking to be relieved as
10  counsel.  Is that correct?
11    MR. SCHMITZ:  That's correct, your Honor.
12    THE COURT:  Mr. Li, does Mr. Li consent to
13  substitution of counsel in this case?  Can Mr. Li please stand?
14    DEFENDANT LI:  Yes, your Honor.
15    THE COURT:  You do consent to substitution of counsel?
16    DEFENDANT LI:  Yes.
17    THE COURT:  Thank you.  I have a financial affidavit
18  that you signed before me.  Is this your signature?
19    DEFENDANT LI:  It is, yes.
20    THE COURT:  Do you swear that the information
21  contained in this financial affidavit is true, so help you God?
22    DEFENDANT LI:  I do, your Honor.
23    THE COURT:  You may be seated.  On the basis of this
24  affidavit I find that Mr. Li cannot afford counsel and I
25  appoint Michael Schachter of the CJA panel who is here today to

1     represent him.  Can Mr. Schachter please come up.

2               I should note for the record that Mr. Schachter and I

3     worked together at the U.S. attorney's office.  He's an

4     excellent attorney.  So what I'm going to do is have

5     Mr. Schachter represent you, Mr. Li, going forward.  Do you

6     consent to that?

7               DEFENDANT LI:  Yes, your Honor.

8               THE COURT:  Okay.  As a result of that, I'm going to

9     relieve Mr. Schmitz and I would ask Mr. Schmitz that you

10    provide anything you have on this case to Mr. Schachter.

11              MR. SCHMITZ:  Of course, your Honor.  I intend to in

12    30 seconds.

13              THE COURT:  Is there any reason that Mr. Schachter

14    cannot be appointed in this case?  I'm asking Mr. Fischman.

15              MR. FISCHMAN:  Your Honor, I don't think there is a

16    bar to his appointment at all.  It is our understanding at

17    3 p.m. Judge Stein appointed him to represent a defendant Xia

18    Ping Wen in one of the related cases.

19              THE COURT:  Okay.

20              MR. FISCHMAN:  Having been in that courtroom, I don't

21    believe Mr. Schachter has had any interaction with Ms. Wen

22    whatsoever, so I don't think the fact of his appointment should

23    be a bar in a conflict sense.  Just it probably wouldn't be

24    appropriate for him to represent both clients.

25              THE COURT:  Mr. Schachter, have you met with Mr. Li?

1            MR. SCHACHTER:  Yes, I have, your Honor, briefly.

2            THE COURT:  Briefly.  And have you met with the
3    defendant in Judge Stein's case?

4            MR. SCHACHTER:  No, I have not.  Nor was I even aware
5    of the appointment until just a few minutes ago from AUSA
6    Fischman.

7            THE COURT:  I'll appoint you counsel for Mr. Li in
8    this case, and I'll reach out to Judge Stein to let him know.
9    It seems more efficient since he's already spoken to Mr. Li and
10   has not yet met the defendant in that case.

11           MR. FISCHMAN:  The government agrees.

12           THE COURT:  Mr. Schachter, you may be seated.
13   Welcome.

14           I understand there was one more issue regarding a
15   possible substitution of counsel, is that correct?

16           MR. RUBIN:  Yes.  On behalf of Shuran Lui, I was
17   informed last night that Mr. Lui would like to retain new
18   counsel.  I filed my notice on the 26th, so it's been short and
19   sweet.  But there is nobody at this point to substitute, and
20   there has previously been a financial affidavit submitted to
21   the Court.  Mr. Goltzer was appointed just for the limited
22   purpose of arraignment at that time.  I haven't seen the
23   affidavit.  My sense is from that ruling that the Court found
24   him financially responsible enough to hire counsel, is what my
25   sense of it is.

1           THE COURT:  Do you have a sense of how long it would
2     take your client to get new counsel?
3           MR. RUBIN:  I do not, your Honor.  I've had a very
4     cordial conversation today, so I'm not quite sure what the
5     issue is, but that's the status.  Maybe we can communicate with
6     the Court by letter or request for a separate status conference
7     just for that limited purpose.
8           THE COURT:  That would be acceptable, and I would like
9     you to stay in the case for the time being and I'd like to
10    advise your client.  Can you have your client stand, please.
11          Mr. Liu, I am going to keep your attorney Mr. Rubin in
12    the case for now.  If you do intend to hire another attorney,
13    I'd ask you to do so as soon as possible so that attorney can
14    get up to speed and we can all stay on the same schedule.
15          DEFENDANT LIU:  Okay, I will.
16          THE COURT:  Thank you very much.  Any other counsel
17    issues or can we proceed to scheduling discovery?
18          MR. FISCHMAN:  Your Honor, just one counsel issue just
19    to make the record complete.  Mr. Hochbaum was appointed as CJA
20    counsel for David Miao.  David Miao was found not to be
21    eligible for CJA counsel, so Mr. Hochbaum was instructed to
22    appear today.  It is my understanding he has since been
23    retained.  I wanted to bring that to your Honor's attention,
24    otherwise the docket sheet doesn't make a lot of sense.
25          MR. HOCHBAUM:  That's correct, your Honor.  I will be

1    filing a notice of appearance.

2           THE COURT:  Thank you very much.

3           Mr. Fischman, what will the discovery consist of in
4    this case?

5           MR. FISCHMAN:  Yes, your Honor.  The bulk of discovery
6    is going to be as follows.  It will be asylum applications
7    filed by both the firm Moslemi & Associates and Bandrich &
8    Associates.  It will be recordings that were made by
9    individuals working with the government.  There are recordings
10   of all nine defendants that will be produced.  I don't have a
11   precise number, but it is approximately I'd say about 50
12   recordings.  They vary in length from a few minutes up to
13   substantially longer.  Most of those recordings are in
14   Mandarin.  The government has draft transcripts that are being
15   produced on a rolling basis, and we anticipate when we make
16   discovery, which I'll get to dates in a moment, that most of
17   the transcripts will be complete by then.

18           There are also certain documents that were provided by
19   the law firms to applicants in connection with their asylum
20   applications that we will be producing.  There are search
21   warrants that were executed -- and this is I think the most
22   difficult part of the discovery.  There were search warrants
23   executed at both law firms.  The nine defendants worked at two
24   related law firms.  20 hard drives were seized.  They've all
25   been imaged and the hard drives returned so as to minimize any

1  interruption to business.  However, the process of searching
2  the electronic data along with the hard data that was seized
3  with wall teams for privilege issues and with translation,
4  because we anticipate that almost all of the information is
5  going to be in Chinese, is going to take some time.
6          Against that backdrop, what the government would
7  propose is we will make an initial wave of discovery no later
8  than January 31.  That will consist of all of the categories of
9  information that I mentioned, putting aside for a moment the
10 search warrant information, and perhaps there will be some
11 transcripts that need to be followed up on by that time.  But
12 substantially it should be complete, the initial draft
13 transcripts.  We will provide affidavits to the search warrant
14 by that time, and an initial production of whatever we have
15 from the search.
16         I think the question becomes then what makes -- if
17 that's acceptable -- what makes most sense going forward.  What
18 the government would propose is making a second wave of
19 production in late February, and writing a letter to the Court
20 at that time to advise the Court of what progress we've made as
21 far as in particular the electronic discovery.  And perhaps we
22 can set a conference date for early to mid March, which
23 hopefully we will be in a position for defense counsel to
24 intelligently advise on motions, with the caveat that I'm not
25 sure where we'll be as far as electronic discovery.

1            THE COURT:  Do any of the defendants have an objection
2    to that schedule?
3            MR. HOCHBAUM:  No, your Honor.
4            MR. SOTTILE:  James Sottile for Feng Ling Liu.  No
5    objection to the schedule.  We would at some point like to be
6    heard by the Court on the wall procedures that the U.S.
7    attorney's office proposes to follow with respect to review of
8    privileged materials.  Obviously they've seized the entire hard
9    drives of two different law firms representing a wide variety
10   of clients going beyond the scope of the indictment.  There are
11   serious privilege issues, and we only learned today about the
12   procedures they plan to follow, that there is a wall team to
13   review.  And we would like to understand in some more detail
14   precisely what procedures they propose to follow, evaluate
15   whether those are satisfactory, and we may propose to the Court
16   the appointment of a special master to oversee the process.
17           THE COURT:  Why don't we talk about scheduling first,
18   and I am going to turn to Mr. Fischman and ask him to elaborate
19   on those procedures.
20           MR. SOTTILE:  Thank you, your Honor.
21           THE COURT:  What I am going to do is I'm going to set
22   a conference for mid March.
23           THE DEPUTY CLERK:  March 14 at 10:30 a.m.
24           THE COURT:  Does that work for all counsel?
25           MR. FISCHMAN:  That's fine for the government.

1              MR. DRATEL:  Yes, your Honor.

2              THE COURT:  March 14.  And at that time I'm going to

3    ask defense counsel if you intend to make any motions and set a

4    schedule, and we may set a trial date as well.  Given how many

5    defendants are in this case I think it's prudent to do that

6    early.  And so we'll deal with that on March 14.

7              MR. MAHER:  Sean Maher.  I am scheduled to be on trial

8    in front of Judge Pauley, it's going to be most of that month,

9    so I wanted to let your Honor know I may have someone stand in

10   for me that day.

11             THE COURT:  That's fine.  Thank you.

12             Mr. Fischman, do you want to elaborate on the

13   procedures?

14             MR. FISCHMAN:  Your Honor, what I would propose to do

15   is no later than tomorrow as we get discovery rolling out to

16   the counsel, some of whom are new to the case, no later than

17   tomorrow we will send copies of the affidavits, to the extent

18   they don't already have them for each of the two search

19   warrants that were executed, which spell out in detail the wall

20   review procedure.  And that will also I think put counsel in

21   the best position if they take issue with the procedure that's

22   spelled out therein to raise the issues and raise it sooner

23   than later.  We'll do that no later than close of business

24   tomorrow.

25             THE COURT:  Is that acceptable to all defense counsel?

D133LIUC

1        MR. SOTTILE:  Certainly here, your Honor.  Thank you.
2        THE COURT:  Thank you.
3        MR. FISCHMAN:  A couple of housekeeping matters that I
4   don't know your Honor's practice if you wanted to hear these
5   applications orally or in writing.  There are two on-consent
6   bail modifications to be made.  I'm happy to advise the Court
7   of those now, or again, we can put it in a letter.  Whatever
8   your preferred practice is.
9        THE COURT:  I would like it in a letter.  I would like
10  to know if pretrial services consents as well.
11       MR. FISCHMAN:  We'll include that information in the
12  letter.
13       THE COURT:  Thank you.
14       MR. FISCHMAN:  Okay.  Other than a motion for time to
15  be excluded under the Speedy Trial Act, which I think is
16  automatic in any event, but so that the defense may review
17  discovery and contemplate motions, and the exclusion from today
18  until March 14, other than that there is nothing further from
19  the government.
20       THE COURT:  Does anyone have an objection to that on
21  the defense side?
22       MR. DRATEL:  No, your Honor.
23       THE COURT:  I will exclude time from today until
24  March 14 pursuant to U.S.C. Section 3161(h)(7)(A).  I find that
25  the ends of justice served outweigh the interests of the public

D133LIUC

1  and defendants in a speedy trial.  Because it will permit time
2  for the production of discovery and review by defense counsel
3  and defendants as well.
4          Is there anything else we need to discuss today?
5          MR. FISCHMAN:  Nothing from the government, your
6  Honor.
7          THE COURT:  Thank you.  Have a nice afternoon.
8                              o0o