*Govt. Exhibit #5*
*To be filed under seal*

Re: 12CR934 Request by Fengling Liu

April 4, 2014

Dear Judge,

    I am sorry to cause this trouble to Your Honor. I met Your Honor last time when I wanted to cross Victor You myself on that day and was later persuaded by everyone there. At that time because Mr. Fischetti and his partners were present, I could not say anything about the situation. He is so experienced in this field and it would be highly improper for me say any inadequacy of his representation in front of Your Honor with him present and also in the presence of his partners. That would be embarrassing for everyone. At that time, on the one hand, I knew crossing witness myself was generally always a bad idea; on the other hand, I hoped that things would improve. Therefore, I dropped the issue. As the case moved along, I felt things did not improve much. But Mr. Fischetti did change his attitude a little and was willing to listen to what I wanted to say on some issues. That gave me some hope that he would incorporate my ideas in his cross. But in Lin Chen's cross, first, I did not understand why he spent so much time on it and why he needed to call his assistant to testify when he could ask Lin Chen all the questions he wanted to ask. Personally I even thought asking Lin Chen would have a better effect on the jury. But I respected his decision. Then during the cross, he failed to cover a very important point: when did Lin Chen try to record me? In the transcripts, it showed very clearly that Lin Chen tried to see me on her first visit to the office. She asked to see me. It showed on her tape that she asked to see me the second time too. On her last visit she specifically asked to see me and made an appointment with David instead because I was out of the office and would not see any new clients and most of the old clients as well. That is why she ended up meeting with David and never had the chance to see me. I gave the three pages of the transcripts where they showed that Lin Chen asked to see me and talked with Mr. Fischetti several times on this issue. But he still did not cover it. Ms. Mermeistein in her redirect asked Lin Chen whether the last visit was the first time she requested to see me and Lin Chen said yes. Therefore, the whole picture was changed. Lin Chen is not an important witness for my case because first we would not contest the contents in her tape, second we would not impeach her credibility as we did to other witness. None of those are so important as in other witness' case. Her evidence is primarily the recordings. Therefore, I thought it was simple to cross her. Personally, I did not think much effort needed to be made on her case. But I felt Mr. Fischetti put a lot more efforts on her case than I would expect and finally still missed a very important fact.

I think I have severe difference in opinion on how to defend my case. We had totally different strategies. Mr. Fischetti overemphasized the defense as work of art and focused on the technical level. What I have in mind is solid defense like Bandrich's lawyer or Ms. Yang's lawyer. I was a little bit disappointed about his opening and I felt his opening was not very systematic and failed to present to the jury the whole picture. He even failed of give the jury a complete theory of my defense and lost the opportunity to provide the jury

the perspective from which we defense would hope the jury look at the evidence with. Then the cross of the asylum office Ashley Merillo. I gave my lawyer a written suggestion for the issues to be covered at cross. But they would not listen. The reason is: never ask a question when you did not the answer. I did not agree with them. But her testimony is mainly about background and it is not that crucial to my case and I let it go. Mr. Franz did a good job in crossing Ashley but he failed to show a consistent defense theory. He made the argument that the asylum applications are genuine but in the end of his cross he suddenly said clients could lie to get asylum because they are so desperate to stay here. He is contradicting himself. When Victor You testified, I felt the cross is extremely deficient, especially when one compared it with the other two lawyers' cross. Why could Mr. German make the wonderful argument pointing out to the jury that Victor is lying when he said on his day of interview for the job, I told him this position was "story writer" and it meant to write fake stories. I was expecting my lawyer to make similar arguments on many of the issues raised in Victor's testimony. But they never did. They left a large portion of his very damaging testimony untouched in their cross. By simply proving Victor lied in the past on many occasions, it could not automatically make the jury to automatically dismiss his whole testimony. We need to address those testimony and point out to jury they are flawed, they are unreliable and they are lies. But My lawyer said he was not sure how Victor would answer on those portions, so he would not touch. He did not care that his failure to touch those portions of the testimonies might make the jury stay with them and believe them. He said if so that would be my bad luck and he could not do anything about it. Because I knew it is suicidal for me to stand up to cross Victor and the other two lawyers more or less improved the situation through their cross, I decided to give up the idea and that was why I said I agreed to withdraw the motion.

Now with Meng Fei Yu's cross, things got worse. Same situation, just worse. So many issues were never covered in cross. I had 24 pages of questions I wanted to ask Victor myself. For Meng Fei Yu I had 39 pages of questions I wanted to ask and I felt my lawyer should have asked. Again, my lawyer's deficiency can be seen more clearly if one compares it with the other two lawyers' cross. Therefore, I felt I could not wait any more and I must ask for a change. By now, I completely lost confidence in my lawyer and his whole team. I know it is hard to find a lawyer to step in at this moment. The only way out is I stand up and do the cross myself. I know it is very foolish and suicidal but I will lose if I would not do this way. If I stand up and do it myself, I may have some chance. I have so much I want to ask the witness.

I do not have the time to give Your Honor more details about the situation due to the time constraint. I will provide more details if Your Honor feels it is necessary.

Thank you so much, Your Honor.

Sincerely Yours,

Fengling Liu

(917) 596-3356

KLIU275@GMAIL.COM