

# (no subject)

**Karen Liu** <kliu275@gmail.com>                        Mon, Apr 7, 2014 at 9:13 PM
To: Ron Fischetti <rpfischetti@gmail.com>, Erin Flynn <eflynn@efranzlaw.com>, Phyllis Malgieri <phyllis.malgieri@gmail.com>

Attached is my ideas about closing argument. I will continue to analyze the testimony in details to see what argument or evidence we can use for closing.
Please consider.
Thank you.

📎 **Closing argument prepared by karen1.doc**
41K

Closing argument

First I thank every one of you from the bottom of my heart for serving this noble duty as a juror. In the past four weeks you put aside your work and your normal life and come here and watched the trial closely and listened to the evidence attentively. I am so happy to see that you are doing a conscientious job as jurors and are very devoted to this job and I feel greatly relieved and I feel I can entrust my fate to your hands.

Before you start to look at the evidence against me, I would like you to face one thing: that is I am irresponsible when I decided to leave the office while allowing the office continue to operate. Because of that irresponsible decision, all these things happened and I was brought here for trial and a number of people's lives were affected and the impact will last for a long time. Second, even after I left the firm, I was still financially benefited because David got the money and he is my husband and he provided for the family. As blamable as I was, this irresponsibility does not by itself make me criminally liable. Please separate these two things. Emotionally it is a hard decision to make not to convict me because employees only make little money from the job and they were convicted and I am still the boss to some extent and financially benefited, and should be spared if you follow the law strictly. It just does not feel right. Please do not let this feeling affect your decision or your evaluation of the evidence against me. That is the requirement of the law as the judge will tell you.

Before you start to examine the evidence presented during the trial, I would like to bring to your attention one important feature of my trial: the lack of evidence, government's failure to produce evidence in many aspects. The investigation started in early 2009 and the government continued to investigate me after my arrest. Five years of investigation and a thorough search of the office and a seizure of everything they think that may be helpful to their case of prosecution. They seized fifteen boxes of materials from the office and those materials cover cases as back as 2005. They seized all the computer materials, including all the hard drives, the network, the recording in the printer and copy machine. They also took the surveillance camera from the office. It covers every room, every corner of the office. It was detailed to the point of seeing the computer screen of each employee. Let's see from this voluminous evidence they searched and seized from the office, what they produced for this trial: one small package of mainly blank documents in the express mail envelope.

The government has subpoenaed the office phone record from 2006. They did not produce any to show my involvement by phone after I left the office. Similarly they have the office emails and they did not produce a single email to show I contacted clients or the employees through emails.

They arrested me and searched my bags and body associated with the arrest. I carried this backpack for years and a lot of the things had been there for several years. They found many materials but all related to the New York Life Insurance business: life insurance applications and training or information pamphlet for customers, related to the new career I started. They also seized my iphone and have not returned to me even up to today. They

can directly have access to my emails for a number of years from my iphone. It has all the text message I sent and received to and from various people I associated with for more than a year. I also used my note pad in my iphone very often and had many notes made in the past few years. They did not produce a single piece of evidence from that search to show I was involved in filing false asylum applications because there was none. Not a single piece of evidence was obtained from that search to show I was even involved in the operation of the office.

The government failed to produce a single client to testify that the firm helped them to file a false asylum application. They were the central players in this whole asylum process. They are the ones who were interviewed by the asylum officer with no attorney present. They are the ones swearing and signing the applications before the asylum officers and the immigration judges. They are the ones giving testimony in immigration court about what had happened to them and why they should get asylum. Basically the government accused me of committing fraud together with these people but they failed to produce a single one of them. This failure becomes more salient in light of the government's ability to call such witness in other cases, and the government's ability to enter non-prosecution agreement with them for them to come here to testify. The government has their address and knows where they live and where they work and knows how to contact them. Let me give you one example to illustrate why this missing piece in the puzzle is important. Suppose Mr. Egan was charged with fraud for making up a script for Meng Fei Yu's testimony and for coaching Meng Fei Yu to lie in court. In his trial, the government only called his colleagues to testify against him saying they worked together with him in committing this fraud but failed to call Meng Fei Yu to testify when they clearly have the ability to produce Meng Fei Yu. What would you think about this? The situation with my case is exactly the same here. Another example: Accountant was charged for engaging in a conspiracy to commit a tax fraud with his clients to evade tax. He was put on trial and the government only produce his colleagues to testify against him and failed to produce a single client of his to testify how the defendant/accountant helped them evade tax, even if the government can readily produce these clients as witness. They charged me with committing fraud for helping clients file false asylum applications but they only produced my colleagues to testify against me and failed to call even a single client to testify when they are the central player in this whole thing. This points to their great failure in meeting their burden of proof. They have the obligation to produce all the evidence to prove their case especially when that evidence is crucial to the case and is readily available. In immigration court, if my client failed to produce such type of evidence, i.e. it is crucial to their case and it is readily available, the judge can draw negative inference from that failure as a matter of law and can deny the case based on that failure.

In evaluating the evidence, first, you have to decide whether Moslemi firm and Bandrich firm are one or two separate firms based on the evidence presented during trial. Only if you decide that they are one firm, you can consider the evidence in that firm against me. Otherwise, you cannot.

Second, you have to make a two stage analysis: Was I involved in filing false asylum applications before I left the firm? If your answer is yes, you can convict me. If your answer is no, you have to consider my involvement in the Moslemi firm and make a finding on whether there is enough evidence to convince you beyond reasonable doubt that I was involved in the filing of false asylum applications of the Moslemi firm. If your answer was a yes, you can convict me. If your answer is no, you cannot convict me.

In evaluating the specific evidence presented during trial in order to determine whether the government has introduced sufficient evidence to convince you I was involved in the fraud of filing false asylum applications, you have to consider the circumstantial evidence very carefully. The government wants you to draw the inference that I showed a guilty conscience when I changed the firm name and I showed it again when the Bandrich office was opened. It is not as simple as that. A very typical circumstantial evidence example is: you are in a closed room with no windows and you see people come in with umbrella dripping with water and their clothes are also wet. You can safely infer it is raining outside. Therefore, with circumstantial evidence, you need to examine very closely and have to make sure you can draw the inference with a high degree of certainty. It's not like: my daughter did not call me last week the whole week, she must be very busy with her exams. There may be many other reasons for her failure to call me. She could have been playing the whole week and was carried away with all the fun and forgot to call me. At least it is equally likely. Inference cannot be drawn loosely because it could easily become speculations. Therefore, you need to evaluate the evidence very carefully to see what reliable evidence you can draw from those circumstantial evidence to answer the question: whether the change of the firm name and the opening of the Bandrich firm prove a guilty mind on my part.

You also need to pay special attention to the hearsay evidence. Hearsay is what the witness heard from others, not something he himself has first hand experience. Usually hearsay evidence is not admissible in a criminal trial but because this is a conspiracy charge, hearsay evidence of co-conspirators is admissible. But you have to examine it very closely because by its very nature, hearsay evidence is not reliable. The witness may mishear, misunderstand the saying or the person the witness heard may be lying.

Also, you need to pay special attention to the witnesses' motive to lie when they testify pursuant to a cooperation agreement with the government. They all say they are required to tell the truth but they all admit that the government is the sole judge of whether they are telling the truth or not. Only when the government thinks they are telling the truth, will they get the deal promised by the government. When they are so frightened to go to jail, they are desperate to do anything to get off the hook. Considering they have committed a crime of fraud, they are weak with moral principles and their desperate condition can easily lead to another lie at the witness stand.

Therefore, when you examine the witness' testimony, you have to use extra caution and you have to examine closely. You have to see whether the testimony is detailed, specific, or general and vague. You have to see whether the witness is responding to the question or not. You have to compare the witness' demeanor in answering questions by his own

counsel and by the defense counsel. You have to examine the reliability of the witness' memory. If the witness cannot remember things that happened in the near past but can remember things in the far past, you have reason to doubt that memory.

Now let me examine the evidence to see if the change of name and opening of Bandrich office prove that I have committed a fraud.

Let's examine the evidence to see if I was involved in a fraud of filing false asylum applications when I worked in the Fengling Liu Law Office. The evidence is Victor and Meng Fei's testimony. Before you evaluate their testimony, I would like to bring to your attention the fact that they are not just ordinary people. Their job is to prepare people how to testify convincingly, even how to lie and fool people with that lie. One is an experienced litigation lawyer and the other had a formal law school education. In examining their testimony, look to see whether they are detailed, specific, whether there is inconsistency, and whether they have produced any documents to back up their testimony. First, you already see they lied many times and they are generally bad people in the moral sense. And they have a strong motive to lie here when they testified. And nothing can stop them from lying. In light of their past history of lying and current strong motive for lying, details and specific events are extremely important to see whether they are lying or they are telling the truth. In this case, there is one more complication. They did help clients filed fraudulent asylum applications. That is why they were charged and convicted. But what they were asked to testify is the preparing of false asylum applications with me. They can truthfully testify about helping clients filing false asylum applications with other people and then claimed that experience happened with me. So when you hear they testified fluently about how they made a false asylum application, that does not necessarily involved me. You have to pay special attention to the portion associating with me in that fraud. It is like a person who was charged of having committed stealing. It is already known that he had stolen things many times from that supermarket. No problem he can testify fluently about that stealing process. But now he is called to testify not about his stealing in general, but about his stealing with this defendant. You have to listen carefully to see not his stealing in general but his stealing process with this defendant at trial. If his testimony only shows his stealing in general and failed to present any specific evidence to show the involvement of the defendant you should not credit his testimony in the finding against the defendant. Keeping that in mind, you will see they testified a lot about how they helped clients file false asylum application and it is credible testimony. But you will see little evidence that would connect their fraudulent activity with me. What is missing is specific evidence connecting me in the fraud. Here, their evidence has no details and completely stayed at general level. They are nothing but general allegations and assertions. No details or specific evidence was ever offered.

Corroboration is extremely important in finding whether the witnesses are credible or not in this case. Corroboration is a legal term meaning some objective evidence to back up what one says to prove what one says is true. It is usually documents. It could be witness. When you face a witness who showed a history of lying and who has strong motive to lie, you have to be extremely careful and it is prudent to ask for corroboration especially

where it is reasonable expected to be available, before you decide to give any credit to the witness' testimony. Here, in this case, have the witness produced any corroboration to back up their words? None. Are those corroboration reasonable available? Yes. Throughout my cross you will see how many times they could provide corroboration but they failed to do so. Why? They don't have those corroborations because they are lying. For example, the Boston firm arrest as testified by Meng Fei Yu and the Houston firm arrest as testified by Victor You. They can easily provide the corroboration if they are telling the truth, but they did not because they were lying and there is no such case at that time as they testified.

It is a noble duty to serve as a juror and it carries huge responsibility. The only other duty close to jury duty is the duty to vote. Both give you the sense of pride and solemn and even holy feelings. On both occasions you are contributing your share in the management of this country. I believe all of you have watched the classic movie by Henry Fonda The Twelve Angry Men. The whole movie describes what happened during the jury deliberation. There is only one setting in that movie, i.e. the jury room. But the movie is fascinating and solemn. I am confident that you will be as responsible as those jurors if not more during your deliberation of my case. Serving as juror, each one of you has the heavy responsibility to protect the integrity of the law which includes evaluating the evidence carefully with great diligence to make sure the guilty ones are punished so as to maintain the deterrence of the law and not to send the innocent ones to jail. Actually, to convict someone, the standard is a very high one. The government has to prove its case beyond reasonable doubt. The question before you is whether the government has produced enough evidence to convince you that I am guilty. If another alternative explanations are equally possible and reasonable for the same behavior other than guilt, that is reasonable doubt.

Closing argument

First I thank every one of you from the bottom of my heart for serving this noble duty as a juror. In the past four weeks you put aside your work and your normal life and come here and watched the trial closely and listened to the evidence attentively. I am so happy to see that you are doing a conscientious job as jurors and are very devoted to this job and I feel greatly relieved and I feel I can entrust my fate to your hands.

Before you start to look at the evidence against me, I would like you to face one thing: that is I am irresponsible when I decided to leave the office while allowing the office continue to operate. Because of that irresponsible decision, all these things happened and I was brought here for trial and a number of people's lives were affected and the impact will last for a long time. Second, even after l left the firm, I was still financially benefited because David got the money and he is my husband and he provided for the family. As blamable as I was, this irresponsibility does not by itself make me criminally liable. Please separate these two things. Emotionally it is a hard decision to make not to convict me because employees only make little money from the job and they were convicted and I am still the boss to some extent and financially benefited, and should be spared if you follow the law strictly. It just does not feel right. Please do not let this feeling affect your decision or your evaluation of the evidence against me. That is the requirement of the law as the judge will tell you.

Before you start to examine the evidence presented during the trial, I would like to bring to your attention one important feature of my trial: the lack of evidence, government's failure to produce evidence in many aspects. The investigation started in early 2009 and the government continued to investigate me after my arrest. Five years of investigation and a thorough search of the office and a seizure of everything they think that may be helpful to their case of prosecution. They seized fifteen boxes of materials from the office and those materials cover cases as back as 2005. They seized all the computer materials, including all the hard drives, the network, the recording in the printer and copy machine. They also took the surveillance camera from the office. It covers every room, every corner of the office. It was detailed to the point of seeing the computer screen of each employee. Let's see from this voluminous evidence they searched and seized from the office, what they produced for this trial: one small package of mainly blank documents in the express mail envelope.

The government has subpoenaed the office phone record from 2006. They did not produce any to show my involvement by phone after I left the office. Similarly they have the office emails and they did not produce a single email to show I contacted clients or the employees through emails.

They arrested me and searched my bags and body associated with the arrest. I carried this backpack for years and a lot of the things had been there for several years. They found many materials but all related to the New York Life Insurance business: life insurance applications and training or information pamphlet for customers, related to the new career I started. They also seized my iphone and have not returned to me even up to today. They

can directly have access to my emails for a number of years from my iphone. It has all the text message I sent and received to and from various people I associated with for more than a year. I also used my note pad in my iphone very often and had many notes made in the past few years. They did not produce a single piece of evidence from that search to show I was involved in filing false asylum applications because there was none. Not a single piece of evidence was obtained from that search to show I was even involved in the operation of the office.

The government failed to produce a single client to testify that the firm helped them to file a false asylum application. They were the central players in this whole asylum process. They are the ones who were interviewed by the asylum officer with no attorney present. They are the ones swearing and signing the applications before the asylum officers and the immigration judges. They are the ones giving testimony in immigration court about what had happened to them and why they should get asylum. Basically the government accused me of committing fraud together with these people but they failed to produce a single one of them. This failure becomes more salient in light of the government's ability to call such witness in other cases, and the government's ability to enter non-prosecution agreement with them for them to come here to testify. The government has their address and knows where they live and where they work and knows how to contact them. Let me give you one example to illustrate why this missing piece in the puzzle is important. Suppose Mr. Egan was charged with fraud for making up a script for Meng Fei Yu's testimony and for coaching Meng Fei Yu to lie in court. In his trial, the government only called his colleagues to testify against him saying they worked together with him in committing this fraud but failed to call Meng Fei Yu to testify when they clearly have the ability to produce Meng Fei Yu. What would you think about this? The situation with my case is exactly the same here. Another example: Accountant was charged for engaging in a conspiracy to commit a tax fraud with his clients to evade tax. He was put on trial and the government only produce his colleagues to testify against him and failed to produce a single client of his to testify how the defendant/accountant helped them evade tax, even if the government can readily produce these clients as witness. They charged me with committing fraud for helping clients file false asylum applications but they only produced my colleagues to testify against me and failed to call even a single client to testify when they are the central player in this whole thing. This points to their great failure in meeting their burden of proof. They have the obligation to produce all the evidence to prove their case especially when that evidence is crucial to the case and is readily available. In immigration court, if my client failed to produce such type of evidence, i.e. it is crucial to their case and it is readily available, the judge can draw negative inference from that failure as a matter of law and can deny the case based on that failure.

In evaluating the evidence, first, you have to decide whether Moslemi firm and Bandrich firm are one or two separate firms based on the evidence presented during trial. Only if you decide that they are one firm, you can consider the evidence in that firm against me. Otherwise, you cannot.

Second, you have to make a two stage analysis: Was I involved in filing false asylum applications before I left the firm? If your answer is yes, you can convict me. If your answer is no, you have to consider my involvement in the Moslemi firm and make a finding on whether there is enough evidence to convince you beyond reasonable doubt that I was involved in the filing of false asylum applications of the Moslemi firm. If your answer was a yes, you can convict me. If your answer is no, you cannot convict me.

In evaluating the specific evidence presented during trial in order to determine whether the government has introduced sufficient evidence to convince you I was involved in the fraud of filing false asylum applications, you have to consider the circumstantial evidence very carefully. The government wants you to draw the inference that I showed a guilty conscience when I changed the firm name and I showed it again when the Bandrich office was opened. It is not as simple as that. A very typical circumstantial evidence example is: you are in a closed room with no windows and you see people come in with umbrella dripping with water and their clothes are also wet. You can safely infer it is raining outside. Therefore, with circumstantial evidence, you need to examine very closely and have to make sure you can draw the inference with a high degree of certainty. It's not like: my daughter did not call me last week the whole week, she must be very busy with her exams. There may be many other reasons for her failure to call me. She could have been playing the whole week and was carried away with all the fun and forgot to call me. At least it is equally likely. Inference cannot be drawn loosely because it could easily become speculations. Therefore, you need to evaluate the evidence very carefully to see what reliable evidence you can draw from those circumstantial evidence to answer the question: whether the change of the firm name and the opening of the Bandrich firm prove a guilty mind on my part.

You also need to pay special attention to the hearsay evidence. Hearsay is what the witness heard from others, not something he himself has first hand experience. Usually hearsay evidence is not admissible in a criminal trial but because this is a conspiracy charge, hearsay evidence of co-conspirators is admissible. But you have to examine it very closely because by its very nature, hearsay evidence is not reliable. The witness may mishear, misunderstand the saying or the person the witness heard may be lying.

Also, you need to pay special attention to the witnesses' motive to lie when they testify pursuant to a cooperation agreement with the government. They all say they are required to tell the truth but they all admit that the government is the sole judge of whether they are telling the truth or not. Only when the government thinks they are telling the truth, will they get the deal promised by the government. When they are so frightened to go to jail, they are desperate to do anything to get off the hook. Considering they have committed a crime of fraud, they are weak with moral principles and their desperate condition can easily lead to another lie at the witness stand.

Therefore, when you examine the witness' testimony, you have to use extra caution and you have to examine closely. You have to see whether the testimony is detailed, specific, or general and vague. You have to see whether the witness is responding to the question or not. You have to compare the witness' demeanor in answering questions by his own

counsel and by the defense counsel. You have to examine the reliability of the witness' memory. If the witness cannot remember things that happened in the near past but can remember things in the far past, you have reason to doubt that memory.

Now let me examine the evidence to see if the change of name and opening of Bandrich office prove that I have committed a fraud.

Let's examine the evidence to see if I was involved in a fraud of filing false asylum applications when I worked in the Fengling Liu Law Office. The evidence is Victor and Meng Fei's testimony. Before you evaluate their testimony, I would like to bring to your attention the fact that they are not just ordinary people. Their job is to prepare people how to testify convincingly, even how to lie and fool people with that lie. One is an experienced litigation lawyer and the other had a formal law school education. In examining their testimony, look to see whether they are detailed, specific, whether there is inconsistency, and whether they have produced any documents to back up their testimony. First, you already see they lied many times and they are generally bad people in the moral sense. And they have a strong motive to lie here when they testified. And nothing can stop them from lying. In light of their past history of lying and current strong motive for lying, details and specific events are extremely important to see whether they are lying or they are telling the truth. In this case, there is one more complication. They did help clients filed fraudulent asylum applications. That is why they were charged and convicted. But what they were asked to testify is the preparing of false asylum applications with me. They can truthfully testify about helping clients filing false asylum applications with other people and then claimed that experience happened with me. So when you hear they testified fluently about how they made a false asylum application, that does not necessarily involved me. You have to pay special attention to the portion associating with me in that fraud. It is like a person who was charged of having committed stealing. It is already known that he had stolen things many times from that supermarket. No problem he can testify fluently about that stealing process. But now he is called to testify not about his stealing in general, but about his stealing with this defendant. You have to listen carefully to see not his stealing in general but his stealing process with this defendant at trial. If his testimony only shows his stealing in general and failed to present any specific evidence to show the involvement of the defendant you should not credit his testimony in the finding against the defendant. Keeping that in mind, you will see they testified a lot about how they helped clients file false asylum application and it is credible testimony. But you will see little evidence that would connect their fraudulent activity with me. What is missing is specific evidence connecting me in the fraud. Here, their evidence has no details and completely stayed at general level. They are nothing but general allegations and assertions. No details or specific evidence was ever offered.

Corroboration is extremely important in finding whether the witnesses are credible or not in this case. Corroboration is a legal term meaning some objective evidence to back up what one says to prove what one says is true. It is usually documents. It could be witness. When you face a witness who showed a history of lying and who has strong motive to lie, you have to be extremely careful and it is prudent to ask for corroboration especially

where it is reasonable expected to be available, before you decide to give any credit to the witness' testimony. Here, in this case, have the witness produced any corroboration to back up their words? None. Are those corroboration reasonable available? Yes. Throughout my cross you will see how many times they could provide corroboration but they failed to do so. Why? They don't have those corroborations because they are lying. For example, the Boston firm arrest as testified by Meng Fei Yu and the Houston firm arrest as testified by Victor You. They can easily provide the corroboration if they are telling the truth, but they did not because they were lying and there is no such case at that time as they testified.

It is a noble duty to serve as a juror and it carries huge responsibility. The only other duty close to jury duty is the duty to vote. Both give you the sense of pride and solemn and even holy feelings. On both occasions you are contributing your share in the management of this country. I believe all of you have watched the classic movie by Henry Fonda The Twelve Angry Men. The whole movie describes what happened during the jury deliberation. There is only one setting in that movie, i.e. the jury room. But the movie is fascinating and solemn. I am confident that you will be as responsible as those jurors if not more during your deliberation of my case. Serving as juror, each one of you has the heavy responsibility to protect the integrity of the law which includes evaluating the evidence carefully with great diligence to make sure the guilty ones are punished so as to maintain the deterrence of the law and not to send the innocent ones to jail. Actually, to convict someone, the standard is a very high one. The government has to prove its case beyond reasonable doubt. The question before you is whether the government has produced enough evidence to convince you that I am guilty. If another alternative explanations are equally possible and reasonable for the same behavior other than guilt, that is reasonable doubt.